IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| **DOUGLAS ROBERTS ROACH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | NO. 1:20-cv-00031 |
| | ) | |
| **TENNESSEE DEPARTMENT OF** | ) | **JUDGE CAMPBELL** |
| **JUSTICE, et al.,** | ) | **MAGISTRATE JUDGE HOLMES** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Douglas Roberts Roach, a pretrial detainee in the custody of the Maury County Jail in Columbia, Tennessee, has filed a pro se complaint for violation of civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and has paid the filing fee. (*See* Doc. No. 4.) Plaintiff has also filed a motion for discovery. (Doc. No. 5.)

The case is before the Court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A and 42 U.S.C. § 1997e.

### I. INITIAL REVIEW

**A. PLRA Screening Standard**

Pursuant to 28 U.S.C. § 1915A, the Court must conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and must dismiss the complaint or any portion thereof if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. This initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to the plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, *pro se* pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

**B. Section 1983 Standard**

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**C. Allegations and Claims**

Plaintiff sues the Tennessee Department of Justice; the Circuit Court of the 22nd Judicial District; state court judges J. Russell Parks, Stella Hargrove, and David Allen; state prosecutors Brent Cooper and Blake Davis; and public defender Travis Jones. (Doc. No. 1 at 2.) He alleges that his Fifth, Sixth, Eighth, and Fourteenth Amendment rights, in addition to his rights under Tennessee constitutional and statutory law, are being violated by the denial of due process and a speedy trial since September 2017. (*Id.* at 7–8.) Plaintiff alleges that the Circuit Court and its employees have failed to conduct his prosecution in timely fashion, and that the Tennessee Department of Justice has failed in its duty of oversight. (*Id.* at 9, 12.) He alleges that, in violation of his constitutional rights, Judge Parks presided over his case for 16 months before recusing himself for a conflict of interest; Judge Hargrove declined to replace his public defender with an attorney that is not from the public defender's office; and Judge Allen continued his trial setting for 10 months. (*Id.* at 9–10, 12.) He alleges that Cooper and Davis, in prosecuting the state's case against him, are acting "out of revenge" and in bad faith, respectively, and have withheld evidence from the defense. (*Id.* at 10, 11.) Plaintiff alleges that his former counsel, public defender Travis Jones, "denied the plaintiff his civil rights for both mental health treatment, and access to the Tennessee Mental Health Court," and that he tried to deny Plaintiff his right to go to trial and refused to give Plaintiff a complete copy of his case file. (*Id.* at 11.) After 11 months of representation by Jones, Plaintiff hired private counsel. (*Id.*)

Plaintiff sues these Defendants in their individual and official capacities (*id.* at 3–6), seeking an undetermined award of compensatory damages, $20,000 in legal fees, and $250 million in punitive damages. (*Id.* at 13)

3

Case 1:20-cv-00031   Document 7   Filed 11/13/20   Page 3 of 6 PageID #: 48

**D. Analysis**

Plaintiff cannot maintain any of his claims for damages resulting from state criminal proceedings against him. To begin with, the state agencies, judges, and prosecutors he sues[1] are immune from damages liability under Section 1983. A suit for damages against a state employee in her official capacity is a suit against the employing state agency, which is no different than a suit against the state itself. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)). The Eleventh Amendment prohibits suits against a state in federal court. *Kentucky*, 473 U.S. 159; *Pennhurst State Schl. & Hosp. v. Halderman*, 465 U.S. 89, 98–100 (1984). Furthermore, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.[2] The claims against the Tennessee Department of Justice and the Circuit Court of the 22nd Judicial District, as well as the official-capacity claims against Defendants Parks, Hargrove, Allen, Cooper, and Davis, are therefore barred by the Eleventh Amendment and outside the purview of Section 1983.

With respect to the individual-capacity claims against the state Defendants, it is well established that judges are absolutely immune from Section 1983 liability for their judicial acts. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v.*

---

[1] State law establishes the twenty-second judicial district and provides for its trial court judges, district attorney general, and assistant district attorneys general. Tenn. Code Ann. § 16-2-506(22).

[2] "Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. 71 n.10 (citation and internal quotation marks omitted). However, Plaintiff does not seek injunctive relief in response to the alleged violation of his speedy trial rights, but only damages. Even if Plaintiff did seek an injunctive order for Defendants to bring him to trial, such relief would not be available here, either due to Section 1983's explicit limitation on injunctive remedies against judicial officers, *see* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted" unless declaratory relief is insufficient), or due to this Court's obligation to abstain from interfering in ongoing state criminal proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971).

*Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). Similarly, prosecutors enjoy absolute immunity from suit under Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Plaintiff does not allege that the judges and prosecutors he sues acted outside the scope of their official duties in proceeding against him. At best, he alleges that they performed their judicial and prosecutorial functions wrongfully or in bad faith. However, the immunity afforded to judges and prosecutors is not defeated by allegations that such officials acted maliciously or corruptly, as it is in the public interest that these officials be able to perform their functions without fear of consequences, even when their motives in performing such functions are questioned. *Imbler*, 424 U.S. at 427–28; *Pierson*, 386 U.S. at 554. Accordingly, the claims against these Defendants in their individual capacities must be dismissed.

Finally, to the extent that Plaintiff properly claims any violation of his rights under federal law by his former defense attorney, Defendant Jones—who allegedly failed to facilitate mental health treatment, access to the Tennessee Mental Health Court, a speedy trial, or access to Plaintiff's case file—public defenders are not state actors for purposes of Section 1983 while acting in their capacity as counsel. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *White v. Robertson-Deming*, 9 F. App'x 418, 419 (6th Cir. 2001).

In sum, the complaint fails to state a viable claim to relief under Section 1983 against any Defendant and must therefore be dismissed. Because no federal claims remain, the Court in its discretion declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses those claims without prejudice. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996).

## III. CONCLUSION

For the reasons given above, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief can be granted. Plaintiff's state law claims are dismissed without prejudice to his right to pursue them in state court. In light of this dismissal, Plaintiff's motion for discovery (Doc. No. 5) is **DENIED** as moot.

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE